Opinion of the Court, by
Cn. J. Boixe.
THIS is a controversy for land, under adverse in-ferfering claims. The appellees, who were complainants in the circuit court, assert their claim in virtue of an entry in the name of Jacob Larue, for 18,000 acres, made the 3d of February 1783, and which was surveyed in two surveys, on which patents issued to Larue, the tCfh of May 1793; and the complainants derive their title from Larue, through a conveyance from him to Thomas Lewis, and the will of Lewis, in which he-devises his estate to them. The defendant derives title under two patents interfering with each other, the one for 400 acres, and the other for 1,000, both of wdiicb are of elder date than that of Larue. Thecir-cu^ cou,,f; decreed in favor of the defendant, as to the laud included in the patent for 400 acres, and decreed him to convey to thte complainants the residue of the 1,000 acre tract, so far as it was included in Larue’s *143 ;survey, as made, and as directed by the court to be made; and from that decree the defendant has appealed*
Tllp deed [™Lewis™*
(i) where the compl’t nnjerldeeí conveying the whole ^“oxofe6”1* pVrceMherev of before cori-ametT bent on him, not the defend adversely to thé patent, to ufoon-test is not embraced i» ^®nsexoeP' *
^ ^ defend’d claims to Cantor.0it is hot necessary-the com-oiaíí^uñder a deed for the whole tract, except certain parcels before conveyed to certain persons named in the deed, to show that the land in contest is not of the excepted parcels; bin the defendant muit show it, especially if he claims one of the parcels so excepted—
*143 We deem it unnecessary to enquire into the validity of Larue’s entry; for, admitting it to be valid, there is, in our opinion, such a defect in the derivation of the complainants’ title from Larue, as is fatal to their right of recovering the land in controversy.
The deed from Larue to Thomas Lewis is a convey-anee of the whole 18,000 acres patented to Larue, except six several parcels thereof, which had been before sold and conveyed by Larue to others named in the deed, amounting in all to 2,489 acres.
(1) These different parcels of land thus excepted in the deed from Larue to Lewis, cannot have passed thereby, and of course the deed cannot operate as a grant, but for the residue of the 18,000 acres, being 15,511 acres. To so much only, therefore, of the land included in Larue’s entry, have the complainants shown title; and it is evident, that whether the part to which they have shown themselves entitled, includes the land in controversy or not, could only be known with certainly, by ascertaining the position and boundaries of the several parcels excepted in the grant from Larue, and to which they have shown no title. But this has Hot been done. The situation or boundaries of no one of the parcels excepted, can be ascertained from the record; and, for any thing to the contrary which appears in the cause, the land in controversy may be included in the excepted parcels. As the quantity of land granted is greater than the quantity excepted in the grant, there is indeed room to conjecture that the land in controversy may be included in the former, ra-tlier than the latter; but. whether it is so or not, in fact, can, in the absence of all evidence upon the subject, only be matter of conjecture, and not matter of opinion; and we cannot admit, that we would be justified in rendering a decree upon conjecture alone. Besides, it was in the power of the complainants to have removed this uncertainty, which overhangs their title, by showing that the land excepted from their grant did not include the land in controversy; and having failed to do so, they have not produced the most satisfactory evidence in their power, and on that ground cannot be entitled to a decree in their favor.
Guthrie and Bibb>¡ for appellant; Hoggin, for appellees.
(2) It may perhaps be contended, that if it were this that th» land in controversy is included in the parcels excepted in the grant from Larue io Lewis, it was incumbent upon the defendant to have shown it. This would, no doubt, be correct, if the defendant had claimed under Larue, and more especially so, if he bad claimed any of the parcels excepted in the grant from Larue; but he claims adversely to Larue’s title, and holds a certain and indisputable legal title for the land in controversy; and upon that he may unquestionably rely, until the complainants show an equitable title in themselves. To their success, therefore, it was necessary to have removed the uncertainty which overhangs their title to the land in controversy, especially as the uncertainty arises out of the exceptions contained in the deed under which they claim.
The decree must be reversed with costs, and the cause be remanded, that the bill may be dismissed with costs.